UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LABORERS PENSION TRUST FUND – DETROIT
AND VICINITY, LABORERS VACATION AND
HOLIDAY TRUST FUND – DETROIT AND
VICINITY, LABORERS METROPOLITAN
DETROIT HEALTH AND WELFARE FUND,
LABORERS ANNUITY FUND – DETROIT AND
VICINITY, and MICHIGAN LABORERS
TRAINING FUND,

                   Plaintiffs,         Case No. 11-12501
                                                      Honorable David M. Lawson

v.

TELEGRAPH PAVING COMPANY, INC.,

                   Defendant.
_____/

## ORDER GRANTING *EX PARTE* MOTION FOR EXAMINATION OF JUDGMENT DEBTOR AND RESTRAINING TRANSFER OF CERTAIN PROPERTY

The matter is before the Court on the plaintiffs' *ex parte* motion for examination of defendnat Telegraph Paving Company, Inc., and restraining transfer of certain property. Judgment against the defendant was entered by this Court on May 14, 2012 in the amount of $20,015.81.

Under the Federal Rules of Civil Procedure, "[i]n aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person — including the judgment debtor — as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). The state of Michigan's procedure for executing judgments is set forth in Mich. Comp. Laws § 600.6104 and Mich. Comp. Laws § 600.6116(1). Section 600.6104 delineates the powers of the court in the proceedings supplementary to judgment. Under that section, the judge has authority to:

> (1) Compel a discovery of any property or things in action belonging to a judgment debtor, and of any property, money, or things in action due to him, or held in trust for him;
>
> (2) Prevent the transfer of any property, money, or things in action, or the payment or delivery thereof to the judgment debtor;
>
> (3) Order the satisfaction of the judgment out of property, money, or other things in action, liquidated or unliquidated, not exempt from execution;
>
> (4) Appoint a receiver of any property the judgment debtor has or may thereafter acquire; and
>
> (5) Make any order as within his discretion seems appropriate in regard to carrying out the full intent and purpose of these provisions to subject any nonexempt assets of any judgment debtor to the satisfaction of any judgment against the judgment debtor.

Mich. Comp. Laws § 600.6104. Significantly, "[i]t is not necessary that execution be returned unsatisfied before proceedings under this chapter are commenced." *Ibid.*

The Michigan Revised Judicature Act, Mich. Comp. Laws § 600.6110(1), empowers a judge to issue a subpoena for the purposes of conducting discovery on judgment-related matters:

> Upon an affidavit, showing to the satisfaction of the judge that any person has money or property of the judgment debtor, or is indebted to him, the judge may issue a subpoena requiring the judgment debtor or the person or both to appear at a specified time and place, and be examined on oath, and to produce for examination any books, papers, or records in his or its possession or control which have or may contain information concerning the property or income of the debtor.

Mich. Comp. Laws § 600.6110(1).

In addition to broad discovery, the state statute authorizes restraining the transfers of the debtor's property for two years:

> An order for examination of a judgment debtor may contain a provision restraining the judgment debtor from making or suffering any transfer or other disposition of, or interference with any of his property then held or thereafter acquired by or becoming due to him not exempt by law from application to the satisfaction of the

> judgment, until further direction in the premises, and such other provisions as the court may deem proper.

Mich. Comp. Laws § 600.6116(1); *see also* Mich. Comp. Laws § 600.6116(2).

In its *ex parte* motion, the plaintiffs presented the affidavit of David M. Eisenberg, counsel for the plaintiffs, in which Eisenberg states that he fears that because "Defendant has not paid this judgment voluntarily, nor made any meaningful proposal to satisfy the judgment, Defendant may, among potentially other actions, (i) place its property beyond the reach of this court, (ii) dissipate assets, or (iii) make preferential payments to creditors other than Plaintiffs, unless restrained from doing so by order of this court." The plaintiffs also move for the Court's authorization for questioning John Wyke, officer and director of the defendant corporation, under oath and for ordering the production of documents relative to the debtor's financial situation. The Court will grant the plaintiffs' requests.

Accordingly, it is **ORDERED** that the plaintiffs' *ex parte* motion for examination of judgment debtor and restraining transfer of certain property [dkt. #26] is **GRANTED**.

It is further **ORDERED** that the plaintiffs are authorized to issue a subpoena for a creditor's examination of John Wyke.

It is further **ORDERED** that John Wyke, officer and director of defendant Telegraph Paving Company, Inc., is to appear at the law offices of Erman, Teicher, Miller, Zucker & Freedman, P.C. on **July 24, 2012 at 10:30 a.m.** to give sworn testimony concerning the income, property, or other means of satisfying the Court's May 14, 2012 judgment against defendant Telegraph Paving Company, Inc..

It is further **ORDERED** that John Wyke shall bring with him the following books, records, and papers in his possession, custody, or control as they relate to defendant Telegraph Paving Company, Inc.:

> 1. All checkbooks, check registers, check stubs, canceled checks, bank statements and other documents whatsoever relating to any deposit, savings, passbook or like account maintained with a bank, savings and loan association, credit union or like organization, in which the defendant has, or has had, any interest, at any time during the three (3) years immediately preceding the date hereof, or date of cessation of business, whichever is earlier;
>
> 2. Copies of all returns, schedules and forms filed by, or on behalf of, the defendant with the Internal Revenue Service, State of Michigan, and any municipal governments, relating to any income received, property owned, business activities, sale or intangibles tax, of the defendant at any and all times during the period three (3) years preceding the date hereof or date of cessation of business, whichever is earlier;
>
> 3. All books of account and accounts receivable ledgers;
>
> 4. List of assets and liabilities;
>
> 5. All contracts of purchase, sale, bills of sale, certificates of title and deeds, and all other evidences of title or instruments of whatsoever kind or nature, relating to the purchase, sale or ownership of any property, real or personal, or any interest therein, purchased, sold or owned by or on behalf of the defendant at any time during the five (5) years immediately preceding the date hereof or date of cessation of business, whichever is earlier; and
>
> 6. Copies of all profit and loss statements and balance sheets relating to the affairs of the defendant prepared by, or on behalf of, said defendant during the period three (3) years immediately preceding the date hereof or date of cessation of business, whichever is earlier.

It is further **ORDERED** that the plaintiffs must serve John Wyke with notice of the examination **on or before July 17, 2012**.

It is further **ORDERED** that defendant Telegraph Paving Company, Inc., and its officers, directors, employees, and agents, and any third party who receives actual notice of this order, are

restrained from transferring or disposing of any property of the defendant, whether now owned or hereafter acquired, except in the ordinary course of business, until further order of the Court. This order shall not affect the disposition of property that cannot be used to satisfy the judgment by operation of law.

It is further **ORDERED** that the defendant may seek relief from the injunction contained in this order on forty-eight hours notice by filing a proper motion with this Court.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated: June 5, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 5, 2012.

s/Deborah R. Tofil<br>
DEBORAH R. TOFIL

---